UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. THOMPSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | 1:06-cv-00652-AWI-TAG HC<br><br>ORDER TO AMEND PETITION WITHIN THIRTY DAYS<br>(Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |

Petitioner is a prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed on May 25, 2006.  (Doc. 1).

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules governing § 2254 Cases.  Here, the Court is unable to conduct its mandated preliminary review because Petitioner has failed to allege sufficient facts upon which to conduct such a review.

A.  <u>Filling Out the Form</u>.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show

that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases. The petition must also allege the facts surrounding the petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

In addition, a petition presented in *pro se* **must** be upon the form approved by the Court. Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190. This rule ensures that all information needed is before the Court. Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

Filing an incomplete form petition, or, as is the case here, failure to use the form at all, is inadequate and requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court and to determine basic facts about Petitioner's case that will enable the Court to properly screen the case as required by Rule 4. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1] ***The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court***.

Here, Petitioner has submitted various typewritten pages that are not upon the Court-approved form. In so doing, Petitioner has failed to advise the Court of basic facts such as: (1) when he was convicted and in what state court; (2) the crimes for which he was convicted; (3) the sentence imposed; (4) the date on which he was convicted; (5) the dates during which any direct review of his case (i.e., an appeal) was pending in the state appellate courts; and (6) the dates of filing and decision for any state habeas petitions filed in connection with the claims in this case.

///

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

Space for all of this information is provided on the Court-approved form. The information is critical for the Court to perform the preliminary screening of the petition because, in conducting such a screening, the Court must determine whether the petition contains only claims that have been fully exhausted in the California Supreme Court. Moreover, the Court must determine whether Petitioner has filed his petition within the one-year statue of limitations for filing such petitions. Finally, the Court cannot even begin to determine whether venue is proper without knowing in which state court petitioner was convicted.[2] Had Petitioner used the form provided by this Court, the need for all of this information would have been evidence. As it is, the Court cannot proceed further with this case until Petitioner submits an amended petition, on the Court-approved form, providing the requisite information.

B.  Naming A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent the "State of California". However, the State of California is not the warden of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner is incarcerated at California Correctional Institution,

---

[2] Venue is proper in this Court for a petition challenging an inmate's conviction or sentence only if Petitioner was convicted in a state court that lies within the physical jurisdiction of this Court. If Petitioner was convicted in a state court that lies within another federal district (e.g., the County of Los Angeles, which lies within the jurisdiction of the Central District of California), Petitioner must file his petition in that jurisdiction.

Tehachapi, California. The warden at that facility is Fernando Gonzalez.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

Accordingly, it is HEREBY ORDERED:

1. Petitioner SHALL FILE AN AMENDED PETITION using the form provided by the Clerk of the Court.  Petitioner must state each ground for relief clearly and concisely, being sure to allege a federal constitutional violation as a basis for each ground. Petitioner must fill out the form petition **in its entirety,** listing any efforts he has made, either on direct appeal of his conviction or in state habeas corpus proceedings, to challenge his conviction or sentence, and list the dates and grounds raised at each court and the date each court ruled on each petition for writ of habeas corpus. Petitioner must also name the proper respondent, as indicated in the body of this order.  The amended petition must be filed within thirty (30) days of the date of service of this order and should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading*.  Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

///

///

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated: **February 5, 2008**                                    **/s/ Theresa A. Goldner**
                                                               UNITED STATES MAGISTRATE JUDGE